**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CALVIN LEE STRONG,

      Plaintiff-Appellant,

v.

CHARLES E. SIMMONS, Secretary of
Corrections, El Dorado, Kansas;
MICHAEL A. NELSON, Warden, El
Dorado Correctional Facility; (FNU)
Woods, Unit Team, El Dorado
Correctional Facility,

      Defendants-Appellees.

No. 00-3145
(District of Kansas)
(D.C. No. 99-3123-KHV)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Calvin Lee Strong, a state prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's grant of summary judgment in favor of the defendant prison officials on Strong's 42 U.S.C. § 1983 civil rights suit. In his complaint, Strong asserted that the defendants, while acting under the color of state law, had deprived him of his constitutional rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. In a thorough and well-stated Memorandum and Order, the district court closely examined each of Strong's claims and concluded that those claims either completely lacked evidentiary support or failed as a matter of law.

This court reviews a grant of summary judgment *de novo*, asking whether the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This court's *de novo* review of the district court's Memorandum and Order, the parties' briefs and contentions, and the entire record on appeal reveals no reversible error. Accordingly, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM** the district court's grant of summary judgment in favor of the defendants for substantially those reasons set out in the

district court's Memorandum and Order dated May 1, 2000. Strong's motion to supplement the appellate record with irrelevant materials relating to a now-dismissed judicial conduct complaint is **DENIED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge